Mr. Philip F. Ricketts Chairman Public Utility Commission of Texas 7800 Shoal Creek Boulevard Suites 400-450N Austin, Texas 78757
Re: Whether section 6(i) of article 1446c, V.T.C.S., prohibits former members and employees of the Public Utility Commission from serving a public utility as an outside consultant or attorney during the stated time period
Dear Chairman Ricketts:
You ask the following question about section 6(i) of article 1446c, V.T.C.S., the Public Utility Regulatory Act.
Does section 6(i) of the Public Utility Regulatory Act, article 1446c, V.T.C.S., prohibit a member or employee of the Public Utility Commission from representing or performing work for a public utility in the capacity of an outside consultant or attorney during the period of time set forth in the section?
Section 6(i) of article 1446c, V.T.C.S., provides as follows:
 (i) No commissioner shall within two years, and no employee shall, within one year after his employment with the commission has ceased, be employed by a public utility which was in the scope of the commissioner's or employee's official responsibility while the commissioner or employee was associated with the commission. (Emphasis added).
You specifically inquire whether the phrase "be employed by a public utility" includes serving the utility as an outside consultant or attorney.
Section 6(i) was enacted by Senate Bill No. 232 of the Sixty-eighth Legislature which amended the Public Utility Regulatory Act. Acts 1983, 68th Leg., ch. 274, at 1270. The same enactment amended section 6(b) which formerly prohibited Public Utility Commission officers and employees from having "any pecuniary interest . . . in any public utility or affiliated interest" while with the commission and for two years thereafter. Acts 1975, 64th Leg., ch. 721, at 2331. The 1983 amendment deleted the post-employment prohibition from section 6(b), quoted below with the deleted language shown in brackets.
 (b) No commissioner or employee of the commission may do any of the following during his period of services with the commission [and for two years thereafter]:
 (1) have any pecuniary interest, either as an officer, director, partner, owner, employee, attorney, consultant, or otherwise, in any public utility or affiliated interest, or in any person or corporation or other business entity a significant portion of whose business consists of furnishing goods or services to public utilities or affiliated interests, but not including a nonprofit group or association solely supported by gratuitous contributions of money, property or services. . . . (Emphasis added).
Acts 1983, supra, at 1268.
Section 6(b)(1) prohibits a current commissioner or employee from having certain business relationships with a public utility, an affiliated interest, or a business entity, a significant portion of whose business consists of furnishing goods or services to public utilities or affiliated interests. Section 6(i) applies the post employment restriction only to employment by a public utility within the scope of the individual's official responsibility while with the commission.
The conference committee report on Senate Bill No. 232 indicates the legislature's intent in enacting section 6(i). The House version of the bill provided a new two-year rule for former PUC commissioners only. The report stated as follows:
 Under this provision, commissioners could not go to work for a regulated utility for a period of two years after the termination of employment with the PUC. However, unlike current law, a commissioner could go to work for an affiliated interest or a firm that does substantial business with a regulated utility as long as the commissioner was not involved in such transactions for a period of two years. (Emphasis added).
The Senate version applied a one year prohibition to employers and a two year prohibition to commissioners, administrative law judges, the general counsel, or chief hearing examiner. The conference committee combined the Senate and House
 to restrict post employment of commissioners to two years and employees to one year. Neither can work for a public utility. (Emphasis added).
The conference committee report distinguishes between work for a regulated utility, which is not permitted during the statutory post-employment period, and work for an affiliated interest or a firm that does substantial business with a utility which is not so prohibited. We believe this report expresses the legislature's intent to continue a broad prohibition against work for a public utility while removing the former prohibition against work for affiliated entities or entities that contract with public utilities. In our opinion, the section 6(i) restriction prohibits a commissioner or employee of the Public Utility Commission from representing or performing work for a public utility in the capacity of an outside consultant or attorney during the statutory time period.
 SUMMARY
Section 6(i) of article 1446c, V.T.C.S., prohibits a former member or employee of the Public Utility Commission from serving a public utility as an outside consultant or outside attorney during the time period stated in that provision.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan Garrison Assistant Attorney General